| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **16-CI-004921**<br>Court:  **CIRCUIT**<br>County: **JEFFERSON Circuit** |

*Plantiff,* **GOODMAN, KATHY VS. WELTMAN, WEINBERG & REIS CO., PSC,** *Defendant*

TO: **NATIONAL REGISTERED AGENTS, INC.**
     **306 WEST MAIN STREET**
     **FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:
**WELTMAN, WEINBERG & REIS CO., PSC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **10/06/2016**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____ Served By

_____ Title

---

Summons ID: 3052022128353@00000797382 ,
CIRCUIT: 16-CI-004921 Certified Mail
GOODMAN, KATHY VS. WELTMAN, WEINBERG & REIS CO., PSC



Page 1 of 1

**eFiled**

*Package: 000002 of 000011     Presiding Judge: HON. SUSAN GIBSON (630269)     Package : 000002 of 000011*

Filed          16-CI-004921    10/06/2016         David L. Nicholson, Jefferson Circuit Clerk

CASE NO. _____                                JEFFERSON CIRCUIT COURT
                                                          DIVISION_____
                                                  JUDGE _____

KATHY GOODMAN, individually,                                          Plaintiff
and on behalf of a class of similarly
situated persons,

v.

WELTMAN, WEINBERG & REIS CO., PSC                                    Defendant

**SERVE:**
National Registered Agents, Inc.
306 West Main Street
Frankfort, KY 40601

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff, Kathy H. Goodman ("***Plaintiff***" or "***Ms. Goodman***"), individually and on behalf of others similarly situated, by counsel, files this complaint against the Defendant, Weltman, Weinberg & Reis Co., PSC ("**Defendant**" or "**WWR**"), and states as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff against the Defendant for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1692 et seq., (known as the "Fair Debt Collection Practices Act," hereafter the "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt and in connection therewith, and the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., hereafter the ("**FCRA**"), which prohibits persons from obtaining or using consumer reports for impermissible purposes.

-1-

Filed          16-CI-004921    10/06/2016         David L. Nicholson, Jefferson Circuit Clerk

## PARTIES

2. The Plaintiff, Kathy Goodman ("*Plaintiff*" or "*Ms. Goodman*"), is an individual and a citizen of the Commonwealth of Kentucky, presently residing in Jefferson County, Kentucky.

3. Ms. Goodman is a "*consumer*" as that term is defined in the FDCPA and the FCRA and with respect to the matters herein.

4. Defendant, Weltman, Weinberg & Reis, Co., PSC. ("*Defendant*" or "*WWR*"), is a professional service corporation organized and existing under the laws of the State of Ohio, having principal offices located at 323 W. Lakeside Avenue, Suite 200, Cleveland, Ohio.

5. At all pertinent times herein, Defendant was engaged in the business of collecting consumer debt in the Commonwealth of Kentucky and across the United States via the mails and the telephone communication system.

6. On information and belief, the Defendant's principal business is the collection of consumer debt.

7. On information and belief, the Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. WWR is a "*debt collector*" as said term is defined in the FDCPA and with respect to the matters herein. WWR is a "**person**" and a "**user**" as said terms are defined by the FCRA.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to Ky. Const. § 112(5), KRS 23A.010, 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1691p.

-2-

Package:000004 of 000011   Presiding Judge: HON. SUSAN GIBSON (630269)   Package : 000004 of 000011

10. Venue in this county is proper because the Defendant transacts business in this District, Plaintiff was a resident of this county at all pertinent times herein, and the conduct complained of occurred here.

## FACTS

11. On or about November 24, 2015, Defendant WWR requested, obtained, and used a consumer report relating to the Plaintiff, without having a "permissible purpose" for doing so, as required by 15 U.S.C. 1681b(f).

12. On or about November 24, 2015, WWR caused Ms. Goodman's phone to ring repeatedly, attempting to collect a debt purportedly owed by Plaintiff relating to a consumer account on behalf of another, Capital One Bank (USA), N.A.

13. On information and belief, WWR continued to cause Ms. Goodman's phone to ring several times a day from November 2015 until Ms. Goodman became represented by an attorney on or around August 9, 2016.

14. On March 10, 2016, WWR filed on behalf of its client, Capital One Bank (USA), NA, a complaint against Plaintiff in Jefferson District Court, in case number 16-C-002398.

15. On August 1, 2016, WWR again requested, obtained, and used a consumer report relating to the Plaintiff, without having a "permissible purpose" for doing so, and after the commencement of litigation by WWR.

16. On August 20, 2016, WWR called Ms. Goodman's counsel and failed to identify itself as a debt collector, as required by 15 U.S.C. § 1692e(11).

17. On September 29, 2016, the complaint was dismissed in the case Defendant filed in Jefferson District Court, in case number 16-C-002398.

-3-

Filed      16-CI-004921    10/06/2016         David L. Nicholson, Jefferson Circuit Clerk

18. On October 3, 2016, in case number 16-C-002398, Defendant filed a motion to vacate the Order of September 29, 2016 dismissing the complaint. Defendant in that motion failed to disclose it is a debt collector, in violation of 1692e(11).

19. In connection with its efforts to collect the amounts due on the Capital One credit account ending in 5413, WWR failed to send Ms. Goodman written notice of the debt as required by the FDCPA, specifically 15 U.S.C. § 1692g(a).

20. As a proximate consequence of Defendant's conduct as herein alleged, Ms. Goodman is entitled to an award against Defendant in the form of actual damages, statutory damages, attorney's fees, and costs.

### COUNT I – FALSE, DECEPTIVE, OR MISLEADING REPRESENTATIONS

21. Ms. Goodman reiterates and incorporates herein Paragraphs 1 to 20.

22. WWR's representations to Ms. Goodman in its August 20, 2016 phone call were materially false, deceptive, and/or misleading.

23. Specifically, WWR failed to identify itself as a debt collector or that any information obtained would be used for a debt collection purpose, in violation of 15 U.S.C. § 1692e(11).

24. Defendant's conduct as alleged herein constitutes violations of the FDCPA in that Defendant's conduct constituted the making of false, deceptive, or misleading representations in connection with collecting the debt, in violation of 15 U.S.C. § 1692e.

25. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

Filed      16-CI-004921    10/06/2016         David L. Nicholson, Jefferson Circuit Clerk

Filed     16-CI-004921   10/06/2016     David L. Nicholson, Jefferson Circuit Clerk

## COUNT II – HARRASSMENT OR ABUSE

26.   Plaintiff reiterates and incorporates herein Paragraphs 1 to 20.

27.   In connection with the collection of the debt, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff, by, inter alia, causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff, in violation of 15 U.S.C. § 1692d, 15 U.S.C. § 1692d(5) and (6).

28.   With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

## COUNT III – VIOLATION OF VALIDATION RIGHTS

29.   Plaintiff reiterates and incorporates Paragraphs 1 to 20.

30.   Defendant's conduct, as alleged herein, constitutes violations of the FDCPA, Section 1692g(a), in that Defendant failed to send Ms. Goodman a written notice of the debt containing:

(i) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(ii) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and,

-5-

(iii) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

31. By reason of the conduct complained of herein, Defendant violated the FDCPA and is liable to Plaintiff for actual damages and statutory damages up to one-thousand dollars ($1,000) per 15 U.S.C. § 1692k *et seq*.

32. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

### COUNT IV – VIOLATION OF 15 U.S.C. § 1681n

33. Plaintiff reiterates and incorporates Paragraphs 1 to 20.

34. Defendant WWR obtained or used Plaintiff's consumer credit report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose.

35. Defendant WWR knowingly and willfully obtained information on Plaintiff from a consumer reporting agency under false pretenses.

36. Defendant WWR is liable to Plaintiff for its willful noncompliance with the FCRA for actual damages caused by Defendant WWR's conduct, including mental and emotional distress, anguish, embarrassment, humiliation, loss of privacy, and punitive damages, plus the costs of this action, together with reasonable attorney's fees.

### COUNT V - VIOLATION OF 15 U.S.C. § 1681o

37. Plaintiff reiterates and incorporates herein Paragraphs 1 to 20.

-6-

38. Defendant WWR was negligent in failing to comply with the requirements of the FCRA, as noted in Paragraphs 1-34 above.

39. Defendant WWR is liable to Plaintiff for its negligent noncompliance with the FCRA for actual damages caused by Defendant WWR's conduct, including mental and emotional distress, anguish, humiliation, embarrassment, and loss of privacy, plus the costs of this action, together with reasonable attorney's fees.

## CLASS ALLEGATIONS

40. Plaintiff files this action as a class action on behalf of all individuals on whom Defendant obtained or used consumer reports within two years from the filing of this action.

41. This action has been brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of Plaintiff and all others similarly situated with the Class defined as follows: All individuals on whom Defendant obtained or used consumer reports within two years from the filing of this action.

42. Members of the Class are so numerous that their individual joinder is impracticable. The precise number of Class members is unknown to Plaintiff, but upon information and belief, the number of individuals within the Class may exceed 200. The true number of Class members is likely to be known to Defendant.

43. There is a well-defined community of interest among members of the Class. The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff and all Class members on whom Defendant obtained or used consumer reports. The factual basis of Defendant's conduct is common to all Class members and resulted in injury to all Class members.

44.     The questions of law and fact in this case are common to Plaintiff and Class members and include the following:

a.     Did Defendant have a "permissible purpose" to obtain or use the consumer reports of the Class Members?

b.     Did Defendant fail to comply with the requirements of the FCRA?

45.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel with experience in FCRA claims and complex litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Class they represent and have the financial resources to do so. Neither Plaintiff nor counsel has any interest adverse to those of the Class.

46.     Plaintiff and members of the Class have suffered and will continue to suffer harm and damage as a result of Defendant's conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, the vast majority of the Class members would likely find the cost of litigating their claims prohibitive and would have no effective remedy at law. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and litigants and promote consistency and efficiency of adjudication.     WHEREFORE, Plaintiff, Kathy Goodman and the putative Class, by counsel, request this Court to:

a.     Certify the Plaintiff's Class, appoint Plaintiff as Class Representative, and appoint undersigned counsel as counsel of record as Class counsel;

b.     Enter judgment against WWR to compensate Plaintiff and the Class Members for their actual damages sustained as set forth in above Counts.

  c. Enter judgment against WWR under the above Counts for statutory damages for the Plaintiff and for each member of the Class.

  d. Enter judgment against for punitive damages on the above Counts wherein an award of such damages is proper and appropriate.

  e. Enter an order temporarily and permanently enjoining WWR from future similar violations of the FDCPA and FCRA.

  f. Enter an order awarding attorneys' fees and costs herein incurred against WWR.

  g. Grant any and all other relief to which the Court deems appropriate.

    Respectfully submitted,

    /s/ Zachary L. Taylor
    Zachary L. Taylor
    2108 Taylorsville Road, Suite 102
    Louisville, Kentucky 40205
    (502) 822-2500
    ztaylor@taylorlawcenter.com

    /s/ Nina Couch
    Couch Law, PLLC
    2108 Taylorsville Road, Suite 101
    Louisville, Kentucky 40205
    (502) 550-4933
    couchlawpllc@gmail.com